**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ASHLEY TILKA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No:**

**NAVIENT SOLUTIONS, LLC,**

    **Defendant.**　　　　　　　　　　　**DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **ASHLEY TILKA** ("Ms. Tilka" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, NAVIENT SOLUTIONS, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1.　This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or artificial voice or prerecorded message to call Ms. Tilka's cellular telephone after Ms. Tilka demanded that Defendant stop calling, and by calling Ms. Tilka's place of employment, which can reasonably be expected to harass Ms. Tilka.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Tilka, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Tilka is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-5892 ("Ms. Tilka's Cellular Telephone").

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of VA and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

8. Ms. Tilka has a student loan account with Defendant ("Account").

9. In early September 2017, due to damage caused by hurricane Irma and Ms. Tilka's husband's loss of employment, Ms. Tilka fell behind on her installment payments towards the Account, incurring an outstanding balance thereunder ("Debt").

10. In or around December 2017, Defendant began placing calls directly to Ms. Tilka's Cellular Telephone in attempts to collect the Debt.

11. Ms. Tilka spoke with one of Defendant's representatives and explained that she was having difficulties paying her installment payments towards the Debt and demanded that Defendant stop calling her Cellular Telephone.

12. Despite Ms. Tilka's demand to stop calling her Cellular Telephone, Defendant thereafter continued to call Ms. Tilka through its agent, Accutrac LLC ("Agent"), in attempts to collect the Debt.

13. Defendant, through its Agent, called Ms. Tilka's Cellular Telephone at least twenty (20) times during the time period from December of 2017 to the present.

14. Defendant, through its Agent, called Ms. Tilka's place of employment without Ms. Tilka's permission in an attempt to collect the Debt.

15. Defendant, through its Agent, called Ms. Tilka's husband in attempts to collect the Debt.

16. Ms. Tilka could connect directly to Defendant if she answered Agent's call to her Cellular Telephone.

17. All of Defendant's calls to Ms. Tilka's Cellular Telephone were placed in an attempt to collect the Debt.

18. Ms. Tilka was harassed due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

19. Ms. Tilka re-alleges paragraphs 1-18 and incorporates the same herein by reference.

20. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

21. Ms. Tilka revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around December of 2017 when she expressly told Defendant to stop calling her.

22. Despite this revocation of consent, Defendant thereafter called Ms. Tilka's Cellular Telephone at least twenty (20) times.

23. Defendant did not place any emergency calls to Ms. Tilka's Cellular Telephone.

24. Defendant willfully and knowingly placed non-emergency calls to Ms. Tilka's Cellular Telephone.

25. Ms. Tilka knew that Defendant called Ms. Tilka's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

26. Ms. Tilka knew that Defendant called Ms. Tilka's Cellular Telephone using a prerecorded voice because Defendant left Ms. Tilka at least one voicemail using a prerecorded voice.

27. Defendant used an ATDS when it placed at least one call to Ms. Tilka's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least one calls to Ms. Tilka's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Tilka's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Tilka's Cellular Telephone.

31. At least one call that Defendant placed to Ms. Tilka's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Ms. Tilka's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Ms. Tilka's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Ms. Tilka's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Ms. Tilka's Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Ms. Tilka.

37. Defendant has recorded more than one conversation with Ms. Tilka.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Tilka, for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Tilka's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Tilka, despite individuals like Ms. Tilka revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Tilka's Cellular Telephone.

42. Defendant's phone calls harmed Ms. Tilka by trespassing upon and interfering with Ms. Tilka's rights and interests in her Cellular Telephone line.

43. Defendant's phone calls harmed Ms. Tilka by causing her emotional distress.

44. Defendant's phone calls harmed Ms. Tilka by wasting her time.

45. Defendant's phone calls harmed Ms. Tilka by being a nuisance and causing her aggravation.

46. Defendant's phone calls harmed Ms. Tilka by causing a risk of personal injury to Ms. Tilka due to interruption and distraction.

47. Defendant's phone calls harmed Ms. Tilka by invading her privacy.

48. Defendant's phone calls harmed Ms. Tilka by affecting her reputation with her employer when Defendant's Agent called Ms. Tilka's place of employment without her permission.

49. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

50. Ms. Tilka re-alleges paragraphs 1-18 and incorporates the same herein by reference.

51. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(4) when it communicated with Ms. Tilka's employer without

       obtaining a judgment against Ms. Tilka and without Ms. Tilka's written permission to contact her employer.

    b. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Tilka's Cellular Telephone despite Ms. Tilka's demands that Defendant cease its calls, which can reasonably be expected to harass Ms. Tilka.

52. As a result of the above violations of the FCCPA, Ms. Tilka has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

53. Defendant's actions harmed Ms. Tilka by trespassing upon and interfering with Ms. Tilka's rights and interests in her Cellular Telephone line.

54. Defendant's actions harmed Ms. Tilka by causing her emotional distress.

55. Defendant's actions harmed Ms. Tilka by wasting her time.

56. Defendant's actions harmed Ms. Tilka by being a nuisance and causing her aggravation.

57. Defendant's actions harmed Ms. Tilka by causing a risk of personal injury to Ms. Tilka due to interruption and distraction.

58. Defendant's actions harmed Ms. Tilka by invading her privacy.

59. It has been necessary for Ms. Tilka to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

60. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

    d.  Awarding costs and attorneys' fees;

    e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **ASHLEY TILKA**, demands a trial by jury on all issues so triable.

Respectfully submitted this **September 24, 2018**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> */s/ Kaelyn Steinkraus*
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff